United States District Court
Middle District of Florida
Jacksonville Division

**JOSH NEWTON ET AL.,**

 *Movants,*

V.              NO. 3:22-cv-1196-MMH-PDB

**INNOVATIONLY SK D.O.O.,**

 *Respondent.*

# Order

  The plaintiff in a case pending in the Northern District of Ohio (Eleven 10) and a business (Sheepdog Tactical Gear) and person (Joshua Newton) sharing an address in Fort White, Florida, move this Court to quash subpoenas duces tecum served on Sheepdog and Mr. Newton by the Ohio defendant (Innovationly) or for a protective order.* Doc. 1; Doc. 1-5 at 15–27. The subpoenas direct Sheepdog and Mr. Newton to produce documents and appear at virtual depositions. The Ohio defendant opposes the motion. Doc. 1 at 15.

  An attorney responsible for issuing and serving a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on [an] … attorney who fails to comply. *Id.* Relatedly, "[o]n

---

 *The Ohio case is *Eleven 10 LLC v. Innovationly SK d.o.o.*, No. 1:21-cv-2207 (N.D. Ohio).

timely motion, the court for the district where compliance is required must quash or modify a subpoena that … subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv).

"When the court where compliance is required did not issue the subpoena, it may transfer a motion … to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court." *Id*. "To enforce its order, the issuing court may transfer the order to the court where the motion was made." *Id*.

The court and the parties should construe the federal procedural rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

**The Court directs counsel for the Ohio parties, Sheepdog, and Mr. Newton to continue to confer in good faith to try to resolve the dispute with the aim of a just, speedy, and inexpensive determination of the Ohio case and this proceeding**. A resolution might include decreasing the 7-hour limit in Federal Rule of Civil Procedure 30(d)(1).

**Absent resolution, by November 14, 2022, Sheepdog and Mr. Newton must advise this Court whether they consent to transferring the motion to the Ohio court and, if not, they and the Ohio plaintiff must explain why the circumstances are not exceptional in a way that warrants transfer**. A cursory review of the Ohio docket sheet shows that the case has been pending there for a year and that the assigned district judge has conducted a case management conference discussing the trade-dress dispute

and the anticipated discovery, entered a protective order, conducted two status conferences about discovery, and decided a discovery dispute. *See* Ohio Docs. 1, 9, 10, 13, 20, 21. Moreover, the same attorneys—Matthew Cavanagh and Jason Lattimore—have appeared both there and here.

If the motion is transferred to the Ohio court, the undersigned will direct the Clerk of Court here to refund the $150 fee paid with Mr. Lattimore's motion for special admission, Doc. 4. **Regardless, the Court directs the Clerk of Court to redesignate this proceeding as a miscellaneous matter and refund the movants $353. The proceeding should have been filed as a miscellaneous matter with a $49 fee, not as a civil action with a $402 fee**.

**If the motion remains here, the Ohio defendant must provide a response in opposition by November 17, 2022, or a notice withdrawing its opposition**.

**Ordered** in Jacksonville, Florida, on November 8, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*